IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 JUN -7 PM 2:21

ALFRED McZEAL et al.,
          Plaintiffs,

-vs-

Case No. A-16-CA-430-SS

DEUTSCHE BANK NATIONAL TRUST COMPANY et al.,
          Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss [#3]; Defendant Liberty Bank & Trust Company's Corrected Motion to Dismiss [#6][1]; the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Mackie Wolf Zientz & Mann, P.C., L. Keller Mackie, Brandon B. Wolf, Michael W. Zientz, and Leslie N. Mann [#7]; Defendants MidSouth Bank, N.A., Jay L. Angelle, and SulmeyerKupetz's Motion to Dismiss with Prejudice Pursuant to Rule 12(b)(6) [#9]; the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants JPMorgan Chase Bank, N.A. and EMC Mortgage LLC [#11]; and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [#12]. Plaintiffs have not responded to any of these motions. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders GRANTING the motions to dismiss.

---

[1] Given this corrected motion, Defendant Liberty Bank & Trust Company's Motion to Dismiss [#4] is DISMISSED as moot.



## Background

Plaintiffs Alfred McZeal, Frederic Gladle, Barbara Gladle, J. Lydia Hernandez, Eutimio C. Hernandez, Lofton Ryan Burris, Soledad Solano, Diemetrio Loya, and Jose Solano, all proceeding *pro se*, purport to bring a nationwide class action against thirty defendants, including various national banks, mortgage lenders, mortgage loan servicers, law firms, and lawyers.[2] Their sprawling, conclusory, and often incoherent complaint sets forth over twenty varying types of claims against the thirty defendants, including: securities fraud; civil rights and constitutional violations; violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), Fair Housing Act, Real Estate Settlement Procedures Act (RESPA), and a variety of consumer protection statutes; breach of contract; trespass; conspiracy; and others.

Defendants Ocwen Loan Servicing, Liberty Bank & Trust Company, Mackie Wolf Zientz & Mann, P.C., L. Keller Mackie, Brandon B. Wolf, Michael W. Zientz, Leslie N. Mann, MidSouth Bank, N.A., Jay L. Angelle, SulmeyerKupetz, Elissa D. Miller, JPMorgan Chase Bank, N.A., EMC Mortgage LLC, and Wells Fargo Bank, N.A., have all moved to dismiss the complaint for failure to state a claim for relief and, in several cases, for lack of personal jurisdiction and failure of service of process. Having reviewed the complaint, and considering Plaintiffs' failure to respond to any of the six outstanding motions to dismiss, the Court finds dismissal of this lawsuit in its entirety is warranted.

---

[2] Plaintiffs also name the United States of America as a party plaintiff. *See* Compl. [#1] at 1. The *pro se* Plaintiffs are prohibited from representing the interests of the United States. *Cf. Jones v. The Park at Lakeside Apartments*, 2008 WL 4820083, at *1–2 (S.D. Tex. Nov. 5, 2008) (citing decisions from the Ninth, Seventh, Eleventh, Second, and Eighth Circuits in support of its conclusion a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States). The United States of America is not a proper party to this action, and is DISMISSED.

## Analysis

I.  **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference,

and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

Given the Plaintiffs' failure to respond to any of the motions to dismiss, the Court GRANTS all of the motions as unopposed. *See* Local Rule CV-7(e)(2). Alternatively, the Court briefly turns to the merits of the motions.

Plaintiffs' complaint fails to state a claim for relief against any of the defendants. The sole factual allegation in the 75-page complaint is the "DESCRIPTION OF PROPERTIES/LOCATION" giving the addresses of Plaintiffs' homes in Texas, Louisiana, and California; the remainder of the document is a mishmash of conclusory, repetitious, and rather manic accusations frequently underlined, italicized, and printed in bold type of varying sizes. Markedly absent from the complaint are any facts whatsoever describing the underlying mortgage transactions and eventual foreclosures which are presumably the subject of this lawsuit. Rather, the complaint is replete with wholly conclusory statements like the following (sic throughout):

> The above named Defendants conspired among themselves, had a 'meeting of the minds', an agreed to conduct, and did conduct an ***insidious fraud campaign*** against the plaintiff and the subject real property *identified on Page 1 and Exhibit A of this complaint*,[3] which said fraud campaign consisted of *highly illegal criminal methods*, and *unlawful transfers* which includes, *methods of forgery*, *and fraud* . . . .
>
> **The place where this fraud occurred was at the defendants business offices, offices of their agents, in the country records office, us court houses, and in the offices and sweatshops of third party ROBO-SIGNERS. . . .**
>
> Specifically, defendants unlawful and deceitful acts constitute violations of Section 10 [of the Securities Exchange Act] - "***Manipulative and Deceptive Devices***"

---

[3] While the complaint frequently makes reference to various numbered and lettered exhibits, no exhibits were attached to the complaint when filed. *See* Compl. [#1].

-4-

whereby "It shall be unlawful for any person directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange - To effect a short sale, or to use or employ any stop-loss order in connectoin with the purchase of sale, or any security registered, on a national securities exchange, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Compl. [#1] at 17, 51.

Similarly, pages 19 through 27 of the Complaint, all of which purport to set forth "Specific Allegations" against the defendants, are nine copies of the same twelve haphazard legal conclusions with different defendants' names at the top of each page. *See id.* at 19–27. Plaintiffs' RICO allegations are entirely conclusory and at times nonsensical. *See id.* at 40–45 ("As setout in the introductory of this complaint, is is specifically alleged herein that the named defendants and *each of them individually* are corrupt persons and unlawful enterprises . . . . The nature of the association between the RICO defendant and the RICO Enterprises is such that the RICO defendant utilize the Enterprise to steal . . . ."). Further, throughout the complaint, Plaintiffs engage in a great deal of impassioned yet oddly retrograde name-calling, referring to the Defendants as "evil," "diabolical," "deceitful," "Dirty Low Down," "malicious," and "despicable."

Plaintiffs' allegations contain virtually no factual matter, let alone factual matter sufficient to raise a right to relief above the speculative level. Their complaint plainly fails to state a claim for relief and is subject to dismissal in its entirety.

Finally, the Court notes that a number of these plaintiffs are well-known vexatious filers. This Court sanctioned Plaintiffs Frederic and Barbara Gladle in April 2015, finding they "engaged in bad-faith conduct designed to intentionally delay the adjudication of the Rule 736 foreclosure action" on their property—the same property again placed in issue here. Order of Apr. 2, 2015

[#10], *Deutche Bank Nat'l Trust Co. v. Gladle et al.*, Case No. A-15-CA-16-SS (W.D. Tex. 2015). The Central District of California has declared Plaintiffs Lydia and Eutimio Hernandez vexatious litigants and barred them from filing any new litigation in that District without permission. *See* Wells Fargo Mot. Dismiss [#12-1] Ex. A (C.D. Cal. Order). Finally, the Southern District of Texas has barred Plaintiff McZeal from filing suit therein without permission from the Chief Judge, pointing out that since 1997, McZeal has "abus[ed] the courts to effect vexatious, irritable and expensive litigation upon opposing parties" via "massive" complaints "alleging myriad causes of action" that are "factually unsupported." Order of May 31, 2007 [#1] at 1–2, 19, *Washington Mutual Bank, FA v. Merlet et al.*, Civil Action No. H-06-897 (S.D. Tex. 2007).

Reasoning the complaint was "simply too incoherent, bizarre, and unfounded to infer that any further amendment would provide facts sufficient to state a claim," the Eastern District of Louisiana recently dismissed with prejudice an action filed by McZeal raising RICO and other claims against a host of defendants. *McZeal v. J.P. Morgan Chase Bank, NA*, Civil Action No. 13-6754, 2014 WL 3166715, at *6–9 (E.D. La. July 7, 2014). The Court finds it appropriate to follow suit and dismiss this case with prejudice.

Consequently, the Court need not reach the defendants' alternative arguments.

## Conclusion

Accordingly:

    IT IS ORDERED that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss [#3] is GRANTED;

    IT IS FURTHER ORDERED that Defendant Liberty Bank & Trust Company's Corrected Motion to Dismiss [#6] is GRANTED;

IT IS FURTHER ORDERED that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Mackie Wolf Zientz & Mann, P.C., L. Keller Mackie, Brandon B. Wolf, Michael W. Zientz, and Leslie N. Mann [#7] is GRANTED;

IT IS FURTHER ORDERED that Defendant Elissa D. Miller's Motion to Dismiss with Prejudice for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) & Joinder in Motions to Dismiss Pursuant to Rule 12(b)(6) [#8] is GRANTED;

IT IS FURTHER ORDERED that Defendants MidSouth Bank, N.A., Jay L. Angelle, and SulmeyerKupetz's Motion to Dismiss with Prejudice Pursuant to Rule 12(b)(6) [#9] is GRANTED;

IT IS FURTHER ORDERED that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants JPMorgan Chase Bank, N.A. and EMC Mortgage LLC [#11] is GRANTED;

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [#12] is GRANTED;

IT IS FURTHER ORDERED that the above-styled and numbered cause is DISMISSED WITH PREJUDICE; and

IT IS FINALLY ORDERED that the filing of any further meritless litigation in this judicial district concerning the properties placed in issue by this suit will result in severe sanctions to the responsible plaintiffs.

SIGNED this the 7th day of June 2016.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE