FILED
2016 AUG -3 AM 11: 13
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ AD
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**ALFRED McZEAL et al.,**
**Plaintiffs,**

**-vs-** **Case No. A-16-CA-0430-SS**

**DEUTSCHE BANK NATIONAL TRUST COMPANY et al.,**
**Defendants.**

---

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs' Motion to Set Aside Order of Dismissal [#19]; Defendant Ocwen Loan Servicing, LLC's (Ocwen) Response [#20] in opposition; Defendants J.P. Morgan Chase Bank, NA (J.P. Morgan Chase) and EMC Mortgage, LLC's (EMC) Response [#21] in opposition; Defendants Mackie Wolf Zientz & Mann, P.C., L. Keller Mackie (L. Mackie), Brandon B. Wolf (B. Wolf), Michael W. Zientz (M. Zientz), and Leslie N. Mann's (L. Mann) Response [#22] in opposition; Defendant Wells Fargo Bank, NA's (Wells Fargo) Response [#23] in opposition; Defendants MidSouth National Bank, NA (MidSouth), Jay L. Angelle (J. Angelle), SulmyerKupetz, and Elissa Diane Miller's (E. Miller) Response [#24] in opposition; and Defendant Liberty Bank & Trust Company's (Liberty Bank) Response [#25] in opposition. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

In their Complaint, Plaintiffs, proceeding *pro se*, purported to bring a nationwide class action

against thirty defendants alleging securities fraud, civil rights and constitutional violations, and consumer protection statute violations, among other things. Fifteen of the thirty Defendants (Ocwen, Liberty Bank, Mackie Wolf Zientz & Mann, L. Mackie, B. Wolf, M. Zientz, L. Mann, E. Miller, J. Angelle, MidSouth, SulmyerKupertz, EMC, J.P. Morgan Chase, Wells Fargo, and U.S. Bank, N.A.) moved to dismiss the Complaint under Rule 12(b) for failure to state a claim, and in several of the motions, for lack of personal jurisdiction and failure of service of process. Plaintiffs never responded to these motions (Motions to Dismiss). Thus, the Court granted the Motions to Dismiss as unopposed and, after briefly turning to the merits of the motions, dismissed Plaintiffs' case in its entirety on June 7, 2016 (Dismissal Order). On July 7, 2016, Plaintiffs filed their Motion to Set Aside Order of Dismissal (Motion for Relief) under Federal Rule of Civil Procedure 60(b).

## Analysis

### I. Legal Standard—Rule 60(b)

The purpose of a Rule 60(b) motion, which provides relief from a final judgment, is to permit a trial judge to "correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Fackelman v. Bell*, 564 F.2d 734, 735–36 (5th Cir. 1977). Weighing against the grant of a Rule 60(b) motion is the need to uphold the finality of judgments and to avoid injustice to the movant and the opposing party. *See id.* at 736.

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or other misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged . . . , or

(6) any other reason justifying relief.

FED. R. CIV. P. 60(b).

## II. Application

Plaintiffs move to set aside the Dismissal Order under Rule 60(b)(1), (3), and (6). *See* Motion Relief [#19] at 1. The Court finds Plaintiffs have shown they are entitled to relief under Rule 60(b)(1) because Defendants did not properly serve their Motions to Dismiss; the Court rejects Plaintiffs' request for relief under Rule 60(b)(3) and (6).

### A. Rule 60(b)(1)

Plaintiffs have established excusable neglect for their failure to respond to Defendants' Motions to Dismiss. Relief from a final order may be granted under Rule 60(b)(1) based on the movant's mistake, inadvertence, surprise, or excusable neglect. *See* FED. R. CIV. P. 60(b)(1). The United States Supreme Court explained the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Such circumstances include "the risk of prejudice to the non-movant; the length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Bynum v. Ussin*, 410 F. App'x. 808, 810 (5th Cir. 2011).

Plaintiffs state they failed to respond to the Motions to Dismiss because Defendants did not

properly serve Plaintiffs with the motions.[1] *See* Motion Relief [#19] at 2 ("[P]laintiffs were NOT actually served with these motions . . . . ). Specifically, Plaintiffs assert Defendants only served their Motions to Dismiss electronically through the Court's case management system (CM/ECF) instead of by mail. *See id.* Defendants counter "service via the Court's electronic filing system was proper . . . ." Ocwen Response [#20] at 7.[2] While electronic filing and service is allowed under this Court's local rules, it only applies to "Filing Users" who must consent to use of CM/ECF. *See* W.D. Tex. R. CV-5(b)(1) ("Pursuant to Section 15(a) of the Electronic Filing Procedures, the Notice of Electronic Filing ('NEF') generated by the court's electronic filing system constitutes service of the document on those registered as Filing Users."); FED. R. CIV. P. 5(b)(3) (allowing use of court's transmission facilities to make service if party consents in writing); *Reichardt v. BAC Home Loans Servicing, LP*, No. 4:11cv478, 2012 WL 2935894, at *1 (E.D. Tex. 2012) (noting "unless specifically ordered, *pro se* parties do not receive electronic notice of filings."). The Court confirmed with the Clerk's Office Plaintiffs did not consent to use this Court's CM/ECF system and are not "Filing Users." Thus, Defendants were required to serve the Motions to Dismiss using one

---

[1] The Court rejects Plaintiffs' arguments that they did not respond to Defendants' Motions because of the parties' geographic proximity, time constraints, conflicting schedules, and sheer number. *See* Motion Relief [#19] at 2–3. Missing court deadlines due to the number of parties in a law suit or those parties' busy schedules does not satisfy the excusable neglect standard. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) ("Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."); *Buckmire v. Mem'l Hermann Healthcare Sys.*, No. CIV.A. H-09-2961, 2011 WL 1793641, at *2 (S.D. Tex. May 11, 2011) (attorney's failure to file motion for summary judgment response because she was busy did not provide an adequate basis for Rule 60(b)(1) relief).

[2] Though the Court only cites to Ocwen's Response, the other Defendants' Responses adopt the substantive arguments of Ocwen's Response, and are thus included in the Court's analysis. *See* JPMorgan Chase and EMC's Resp. [#21] at 5 ("Defendants incorporate by reference the argument contained in the . . . 'Ocwen Response' . . . ."); Mackie Wolf Zientz & Mann, L. Mackie, B. Wolf, M. Zientz, and L. Mann's Resp. [#22] at ¶ 1 (same); Wells Fargo's Resp. [#23] at 1 (same); MidSouth Bank, J. Angelle, SulmeyerKupetz, and E. Miller's Resp. [#24] at 5 (same); Liberty Bank's Resp. [#25] at ¶ 1 (same).

of the methods identified in the federal rules, including "mailing it to the person's last known address . . . ." FED. R. CIV. P. 5(b)(2)(C).

Courts within the Fifth Circuit have held failure to receive notice is a basis for granting relief under Rule 60(b)(1)'s "excusable neglect" provision.[3] *See e.g., Reichardt v. BAC Home Loan Servicing*, No. 4:11cv478, 2012 WL 2935894, at *1 (E.D. Tex. Jun. 12, 2012) (granting relief under Rule 60(b)(1) where *pro se* plaintiff "stated that she never received a copy of the motion to dismiss or the Court's notice of impending dismissal"); *Hawkins v. Wells Fargo Home Motg.*, No. 3-12-CV-1453-M, 2012 WL 5471134, at *1 (N.D. Tex. Nov. 9, 2012) (granting relief under Rule 60(b)(1) where *pro se* plaintiff claimed "she did not receive notice of the impending dismissal").

Here, Plaintiffs stated in a declaration they "DID NOT receive all the motion[s] which are represented as served on the plaintiff and which appear[] in the PACER system." Motion Relief [#19] (Declaration of Plaintiffs). Defendants claim "Plaintiffs received at least three motions to dismiss," including the motions "filed by Ocwen Loan Servicing LLC . . . , by Liberty Bank & Trust Company . . . , by Mackie Wolf Zientz & Mann, P.C. . . . , and by Wells Fargo Bank, N.A . . .

[3] While Defendants do not argue the certificates of service—which state the Motions to Dismiss were sent by mail—create a presumption the Motions to Dismiss were indeed mailed, the Fifth Circuit has applied this logic. In particular, the Fifth Circuit has addressed such a presumption and how it can be rebutted in the bankruptcy and immigration context; however, the court has not yet applied the presumption to Rule 60(b) cases. *Compare In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008) (stating, in the bankruptcy context, "Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee. The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished.") *and Maknojiya v. Gonzales*, 432 F.3d 588, 589–90 (5th Cir. 2005) (stating, in the immigration context, an affidavit may rebut presumption of receipt by regular mail but the presumption of effective service by certified mail may be overcome only by "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery") *with Onwuchekwe v. Okeke*, 404 F. App'x. 911, 911 (5th Cir. 2010) (omitting discussion of any presumption or rebuttal rule in Rule 60(b)(1) case where certificate of service stated motion to dismiss was served). Thus, until directed otherwise, the Court assumes no presumption applies.

(collectively the '***Received Motions***')." Ocwen Resp. [#20] at 3. Because these motions "contained all of the arguments Defendants asserted collectively in the Motions and upon which the Court relied in the Dismissal Order," Defendants claim Plaintiffs had the chance to address Defendants' arguments. *See id* at 7. But neither Plaintiffs' Motion nor Declaration explicitly states they received what Owcen calls the "Received Motions." Rather, Plaintiffs only assert "*[s]ome* of the motions . . . were *not* received . . . [, including] Elissa Diane Miller, L.J. Angelle, Mid[S]outh National Bank, SulmyerKupetz, EMC Mortgage, LLC, and J.P. Morgan Chase Bank, U.S. Bank.," and that Plaintiffs discovered "several" of the unserved Motions to Dismiss on PACER. Motion Resp. [#19] (Declaration of Plaintiffs) (emphasis added); *id.* at 3. Defendants cannot assume Plaintiffs received proper service of some of the Motions to Dismiss—specifically those that included Defendants' substantive arguments—when Plaintiffs only state they did not receive "all the motion[s]" and list "some of the motions" they did not receive. Motion Resp. [#19] (Declaration of Plaintiffs).

Defendants also argue Plaintiffs had access to PACER and thus "had both the duty and the means to monitor the Litigation docket . . . ." Ocwen Resp. [#20] at 7. The party's ability to monitor the docket does not replace the opposing party's duty to serve its motions. Here, Defendants were required to serve the Motions to Dismiss on Plaintiffs through one of the methods proscribed by the Rules and failed to do so. *See* FED. R. CIV. P. 5(a)(1) ("Unless these rules provide otherwise, each of the following papers must be served on every party: . . . (D) a written motion . . . ."), 5(b) (listing methods of service).

Ultimately, Defendants' Responses do not sufficiently rebut Plaintiffs' Declaration stating Defendants did not serve the Motions to Dismiss in compliance with the Federal Rules of Civil Procedure. Thus, the Court grants Plaintiffs relief under Rule 60(b)(1).

**B. Rule 60(b)(3)**

Plaintiffs are not entitled to relief under Rule 60(b)(3). This provision allows for relief from a final order in the event of "fraud . . . , misrepresentation, or other misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Specifically, "[a] party is entitled to relief under Rule 60(b)(3) if: (1) the adverse party engaged in fraud or misconduct, and (2) . . . this misconduct prevented the moving party from fully and fairly presenting his case." *Parker v. Wal-Mart Stores, Inc.*, 464 F. App'x. 224, 228 (5th Cir. 2010) (internal quotations and citation omitted). The movant must prove fraud or misconduct by clear and convincing evidence. *See id.*

Plaintiffs have not show by clear and convincing evidence Defendants committed fraud or misconduct. Plaintiff states Defendants committed fraud or misconduct by failing "to properly serve the motion[s] on all plaintiffs . . . ," despite the certificate of services attached to the Motions to Dismiss. Motion Relief [#19] at 2. This allegation is not sufficient to gain relief under Rule 60(b)(3). *See Daniels v. JP Morgan Chase Bank*, 574 F. App'x. 337, 338 (5th Cir. 2014) (denying relief under Rule 60(b)(3) where appellants' allegation was appellees lied in declaration stating, under penalties of perjury, appellees mailed copies of motion to appellants' last known address).

Thus, Plaintiffs' relief is denied under Rule 60(b)(3).

**C. Rule 60(b)(6)**

Finally, Plaintiffs are not entitled to relief under Rule 60(b)(6). Relief under this catch-all provision is granted rarely—only under "extraordinary circumstances." *Ruiz v. Quarterman*, 504 F.3d 523, 533 (5th Cir. 2007). Relief under Rule 60(b)(6) cannot be based "on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

Plaintiffs' arguments in support of relief under Rule 60(b)(6) are, for the most part, identical to those supporting relief under Rule 60(b)(1) and (3), namely the large number of parties, the parties' lack of geographic proximity, and the failure of Defendants to properly serve Plaintiffs with the Motions to Dismiss. *See* Motion Resp. [#19] at 3. These arguments cannot support relief under the catch-all provision. *See Liljeberg*, 486 U.S. at 863.

Plaintiffs make one new argument: because "[a]t least ten (10) of the defendants did not file a response and defaulted on the complaint," Plaintiffs are entitled to relief under Rule 60(b)(6). Motion Resp. [#19] at 3. The opposing party's failure to respond to a complaint is not a ground for relief under Rule 60(b). If Plaintiffs want relief from the non-responding Defendants, they should have filed a motion for default judgment.[4] Therefore, Plaintiffs are not entitled to relief under Rule 60(b)(6).[5]

## III. Conclusion

For the reasons explained, Plaintiffs have shown they are entitled to relief under Rule 60(b)(1), but not (b)(3) or (b)(6).

Accordingly:

IT IS ORDERED that Plaintiffs' Motion for Relief from Order [#19] is GRANTED

---

[4] Plaintiffs should note if the Court ultimately dismisses Plaintiffs' Complaint based on Defendants' Motions to Dismiss, the dismissal will also apply to any defaulting defendants. *See Lewis v. Lynn*, 236 F.3d 766, 769 (5th Cir. 2001) (adopting the rule that where "a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant," and explaining "[t]he policy rationale for this rule is that it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants") (internal quotations and citation omitted).

[5] The Court rejects Defendants' unclean clean hands argument and find it unnecessary to analyze the argument in detail. Plaintiffs' failure to serve the Complaint or the Motion to Set Aside has not harmed Defendants. *See Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 842 (5th Cir. 2004) ("[U]nclean hands defense is inapplicable altogether where the plaintiff's sins do not affect or prejudice the defendant.").

IN PART and DENIED IN PART;

IT IS FURTHER ORDERED that the July 7, 2016 Orders [#14, #15] dismissing the case with prejudice for failure to state a claim upon which relief may be granted are SET ASIDE, and this case is hereby REINSTATED on the Court's docket; and

IT IS FINALLY ORDERED that Plaintiffs shall have TWENTY (20) DAYS from date of entry of this Order in which to file an amended complaint.

SIGNED this the 3rd day of August 2016.

SAM SPARKS
UNITED STATES DISTRICT JUDGE